### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:21-cr-526 |
| | ) | Case No. 4:23-cv-1808 |
| Plaintiff-Respondent, | ) | |
| | ) | Judge J. Philip Calabrese |
| v. | ) | |
| | ) | |
| CHARLES D. WALKER, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |
| | ) | |

## OPINION AND ORDER

Petitioner Charles Walker, representing himself, brought a motion under 28 U.S.C. § 2255 to vacate his sentence for possessing a firearm after a felony conviction. Mr. Walker's Section 2255 motion challenges the facial constitutionality of his conviction under *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), which the Supreme Court decided four months after Mr. Walker received his sentence. The United States moves to dismiss Mr. Walker's motion, arguing that it is untimely, barred by his plea agreement, and the Second Amendment arguments he raises are procedurally defaulted. Mr. Walker, with appointed counsel, opposes that motion. For the reasons that follow, the Court **GRANTS** the motion of the United States to dismiss and **DENIES AS MOOT** Mr. Walker's Section 2255 motion.

## FACTUAL BACKGROUND

In Case No. 4:21-cr-526 (and unless otherwise indicated, all citations to the record relate to this case), Mr. Walker was charged in a one-count indictment with

being a felon in possession of firearms and ammunition, in violation of 28 U.S.C. § 922(g)(1).  (ECF No. 1, PageID #1.)  Specifically, the indictment charged that on or about May 18, 2021, Mr. Walker knowingly possessed two semiautomatic pistols and ammunition, having previously been convicted for aggravated robbery, a first-degree felony.  (*Id.*; ECF No. 19, ¶ 30, PageID #87–88.)

On October 12, 2021, Mr. Walker signed a plea agreement with the United States.  (ECF No. 24, PageID #124.)  The plea agreement contained a provision in which Mr. Walker agreed to forfeit the two firearms involved in the charge against him.  (*Id.*, ¶ 4, PageID #116.)  Additionally, Mr. Walker "expressly and voluntarily waive[d]" his right "to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255."  (*Id.*, ¶ 19, PageID #120.)  Also, the agreement waives Mr. Walker's right to appeal his sentence under 18 U.S.C. § 3741, but reserves his right to appeal "any punishment in excess of the statutory maximum," "any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the advisory Sentencing Guidelines[,]" or other "legal remedies [Mr. Walker] may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct."  (*Id.*)

A week later, Mr. Walker pled guilty to being a felon in possession of a firearm. (Minutes, Oct. 19, 2021.)  On February 24, 2022, the Court sentenced Mr. Walker to a 34-month term of imprisonment, with credit for time served.  (ECF No. 25, PageID #134.)

## STATEMENT OF THE CASE

On September 18, 2023, Petitioner filed a *pro se* motion to vacate his sentence under 28 U.S.C. § 2255.  (ECF No. 34, PageID #199.)  In this motion, Mr. Walker's first post-conviction filing, he advances two grounds for vacating his sentence:  (1)  he has a Second Amendment right to bear arms, and (2) his property was taken from him in violation of the Fifth Amendment Takings Clause.  (ECF No. 34, PageID #203.)

The United States moves to dismiss Petitioner's motion.  (ECF No. 38, PageID #225.)  In support, the United States argues that the motion is untimely, barred by Petitioner's plea agreement, and the Second Amendment arguments he raises are procedurally defaulted.  (ECF  No. 38,  PageID #225 & 229.)   On April 17, 2024, Petitioner, through appointed counsel, opposed the United States' motion to dismiss. (ECF No. 40, PageID #235.)

## ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move the court that sentenced him to vacate, set aside, or correct his sentence.  The movant may attack his sentence on the grounds that (1) it was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

To obtain relief under Section 2255 after a guilty plea, however, a petitioner must demonstrate "an error of constitutional magnitude" that had a substantial and injurious effect or influence on the proceedings.  *Griffin v. United States*, 330 F.3d

733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).  A petitioner must also demonstrate "a fundamental defect which inherently results in a complete miscarriage of justice."  *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).  A petitioner bears the burden of production to articulate specific facts that entitle him to relief.  *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

A court should hold an evidentiary hearing on a Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing."  *O'Malley*, 285 F.2d at 735.

The United States moves to dismiss Petitioner's motion because (1) it is untimely, (2) Petitioner's plea agreement precludes it, and (3) the Second Amendment arguments he raises are procedurally defaulted.  (ECF No. 38.)  The Court addresses each argument in turn.

## I.  Timeliness

The United States argues Mr. Walker filed his Section 2255 motion outside the one-year statute of limitations.  (ECF No. 38, PageID #227.)  Mr. Walker does not dispute that his motion was untimely.  Instead, he asserts the defense of equitable tolling.  (ECF No. 40, PageID #237.)

Federal courts may toll the limitations period for a Section 2255 motion "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783

4

(6th Cir. 2010)).  Courts apply equitable tolling "sparingly." *Id.* (citing *Robertson*, 624 F.3d at 783).  Specifically, a petitioner is entitled to equitable tolling only if (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Diligently pursuing one's rights requires a showing of affirmative acts in pursuit of them.  For example, the Supreme Court has held that a petitioner "diligently pursued his rights by writing [his attorney] numerous letters seeking crucial information and providing direction, by repeatedly requesting that [his attorney] be removed from his case, and by filing his own *pro se* habeas petition on the day he learned his [] filing period had expired." *Holland*, 560 U.S. at 633.

In contrast, the time needed to review "voluminous" case records and research legal issues and inadequate prison legal resources will not justify an extended delay in filing. *See Kendrick v Rapelje*, 504 F. App'x 485, 487 (6th Cir. 2012) (rejecting a petitioner's argument that "the voluminous record in his case" prevented his new counsel from filing his habeas petition for five months); *Taylor v. United States*, 518 F. App'x 348, 349 (6th Cir. 2013) (rejecting a petitioner's claim that limited law resources and the help of one law clerk do not constitute extraordinary circumstances); *United States v. Payne*, No. 5:17-cr-123, 2017 WL 9934261, at *3 (E.D. Ky. July 7, 2017) (rejecting the petitioner's claim that his two and a half year delay in filing was caused by his need to research a prior conviction).

Here, the only action Mr. Walker alleges he took in pursuit of his rights was "discover[ing], digest[ing], and analyz[ing] *Bruen*." (ECF No. 40, PageID #240.) The Supreme Court issued its ruling in *Bruen* on June 23, 2022—some four months after his sentencing. Mr. Walker filed his Section 2255 motion on September 18, 2023, nearly 15 months later. Despite the delay, Mr. Walker claims he "diligently pursued his rights to the extent he has been reasonably able." (*Id*.) Before *Bruen*, he claims that he did not raise any Second Amendment challenge with the Court because "[a]t the time of his conviction, [he] had no good faith basis for raising the arguments he raises now." (*Id*.) Mr. Walker explains that it took nearly 15 months to file his Section 2255 Motion because "[a]bsorbing a wholly new legal framework and understanding its impact takes some time." (*Id*.) Fair enough—particularly where *Bruen*'s history and tradition framework necessitates review of authorities dating back to the Statute of Northampton of 1328.

Still, the docket reflects no activity by Mr. Walker between the entry of judgment on February 24, 2022 and his Section 2255 motion. Mr. Walker does not allege that he contacted an attorney or tried to file his motion promptly upon learning he could. Where he bears the burden of pursuing his rights diligently, Mr. Walker could have pursued relief under Section 2255, then sought additional time or assistance to undertake the analysis *Bruen* requires. Absent any other showing of diligence, the time took for Mr. Walker to research and analyze *Bruen* and its implications for his case does not constitute extraordinary circumstances that justify

equitable tolling. *Kendrick*, 504 F. App'x at 487; *Taylor*, 518 F. App'x at 349; *Payne*, 2017 WL 9934261, at *3.

Further, the Court is not persuaded by Mr. Walker's argument that a constitutional challenge to Section 922(g)(1) was not available to him earlier. After all, in *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008), the Supreme Court confirmed that "the Second Amendment conferred an individual right to keep and bear arms." And criminal defendants have challenged the constitutionality of felon disarmament under Section 922(g)(1) for decades—well before *Bruen* was decided. *See, e.g.*, *United States v. Napier*, 233 F.3d 394, 403 (6th Cir. 2000) (collecting cases).

Even if the Supreme Court recognized a new rule of constitutional law in *Bruen* and made it retroactively applicable—it did neither such thing—at most, he needed to act with diligence as of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). In that event, Mr. Walker's filing window closed on June 23, 2023—one year after *Bruen's* release. *Id.* But Mr. Walker still waited an additional three months, until September 18, 2023 when he filed his motion.

For these reasons, Mr. Walker's motion is untimely, and he is not entitled to equitable tolling. *See Harbin v. United States*, No. 1:20-cr-00802, 2024 WL 757103, at *4 (N.D. Ohio Feb. 22, 2024) (denying a Section 2255 motion that also argued that *Bruen* made the petitioner's Section 922(g)(1) conviction unconstitutional, as untimely "under the most expansive possible deadline," a year after *Bruen* was decided).

## II.    Petitioner's Plea Agreement

Even if Mr. Walker filed his Section 2255 motion on time, it still fails because his plea agreement expressly waives his right to pursue such motions.  Mr. Walker argues that his challenge based on *Bruen* lies outside the scope of his plea agreement. (ECF No. 40, PageID #242.)

Plea agreement waivers of Section 2255 rights are generally enforceable when a defendant enters them "knowingly, intelligently, and voluntarily." *Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir. 2001)).  Subsequent developments in the law do not "suddenly make the plea involuntary or unknowing or otherwise undo its binding nature." *Portis v. United States*, 33 F.4th 331, 335 (6th Cir. 2022) (quoting *United States v. Bradley*, 400 F.3d 459, 463 (6th Cir. 2005)).  Waivers are even immune from "later constitutional rulings."  *Id.* at 336; *see also United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017).

Here, Mr. Walker's plea agreement "expressly and voluntarily waives" his right "to challenge the conviction or sentence collaterally through a post-conviction proceeding, *including a proceeding under 28 U.S.C. § 2255*."  (ECF No. 24, ¶ 19, PageID #120 (emphasis added).)  Defendant does not allege any "deficiencies in the plea process or that [his] underlying [plea] agreement was invalid." *Portis*, 33 F.4th at 338 (cleaned up).  Further, Mr. Walker signed the plea agreement on October 12, 2021, and changed his plea a week later. *Bruen* was argued at the Supreme Court on November 3, 2021.  Therefore, the parties knew that it might bear on Mr. Walker's case.  But they proceeded with the plea, and its waiver of Section 2255 rights, and ultimately sentencing anyway.

Mr. Walker relies on two Sixth Circuit decisions: *Vowell v. United States*, 938 F.3d 260, 267–68 (6th Cir. 2019), and *United States v. Ledbetter*, 929 F.3d 338, 360–61, 366 (6th Cir. 2019) to argue that a collateral-challenge waiver does not bar a Section 2255 challenge if a subsequent change in the law renders his sentence constitutionally invalid.

However, there is no subsequent change in the law. At most, *Bruen* changed the mode of analysis or methodology for constitutional challenges based on the Second Amendment, directing courts not to engage in means-ends scrutiny. It "left unanswered whether the laws reviewed in those cases could constitutionally be applied to dangerous, irresponsible, or law-breaking people." *United States v. Berry*, 723 F. Supp. 3d 567, 578 (N.D. Ohio 2024), *aff'd*, No. 24-3769, 2025 WL 1082376 (6th Cir. Apr. 10, 2025). The Sixth Circuit's recent decision in *United States v. Williams*, 113 F.4th 637, 661–62 (6th Cir. 2024), upheld the constitutionality of Section 922(g)(1) as applied an induvial found to be dangerous using *Bruen*'s history and tradition approach.

In any event, Mr. Walker's Section 2255 motion and his response to the motion to dismiss raise a facial challenge to the constitutionality of Section 922(g)(1). (ECF No. 37, PageID #213; ECF No. 40, PageID #244.) A facial challenge is successful only if "no set of circumstances exist[]" under which application of Section 922(g)(1) is constitutional. *United States v. Salerno*, 481 U.S. 739, 745 (1987). In *Williams*, 113 F.4th at 657, the Sixth Circuit rejected a facial challenge to Section 922(g)(1). As has this Court. *Berry*, 723 F. Supp. 3d at 573.

9

Accordingly, Mr. Walker waived his right to bring a Section 2255 motion in his plea agreement, and he offers no circumstances relieving him of that waiver. Even so, his facial constitutional challenge would fail on the merits.

## III.    Procedural Default

Finally, the United States argues that, even if timely and not barred by his plea agreement, Mr. Walker's Section 2255 motion fails because the claims he raises are procedurally defaulted. (ECF No. 38, PageID #229.) Mr. Walker argues that the procedural default doctrine does not apply to his claims because *Bruen* provides cause for his delayed filing and makes him legally innocent of the offense. (ECF No. 40, PageID #244–46.)

Procedural default occurs "when a defendant fails to raise an issue at sentencing or on direct appeal." *Huff v. United States*, 734 F.3d 600, 605–06 (6th Cir. 2013) (citing *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000)). If so, "that issue is waived." *Id*. As noted, Mr. Walker did not raise the issue at sentencing, though *Bruen* had just been argued at the Supreme Court. Nor did he bring a claim on direct review. Therefore, he procedurally defaulted his *Bruen* arguments. To obtain review of a defaulted claim, a petitioner must show either: (1) cause and actual prejudice to excuse the failure to raise the claims previously; or (2) that he is actually innocent of the offense. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citations omitted).

### III.A. Cause and Actual Prejudice

First, Mr. Walker cannot establish cause. "Cause" to excuse procedural default exists when the Supreme Court announces a new constitutional rule that is a "clear

break with the past." *Reed v. Ross*, 468 U.S. 1, 17 (1984) (citing *United States v. Johnson*, 457 U.S. 537 (1982)).  On direct appeal, Mr. Walker argues, he "had no reasonable basis to make the arguments he now advances following the *Bruen* decision[,] and to do so would [have been] futile."  (ECF No. 40, PageID #244.)

The argument that Section 922(g)(1) is unconstitutional was fully available to Mr. Walker on direct appeal.  Defendants have long made arguments based on the Second Amendment.  And *Bruen* did not create a new constitutional rule regarding Second Amendment claims:  it reaffirmed the history-and-tradition standard "[i]n keeping with *Heller*."  *Bruen*, 597 U.S. at 17 (citing *District of Columbia v. Heller*, 554 U.S. 570 (2008)).  Therefore, *Bruen* does not excuse Mr. Walker's default.  *See Bousley*, 523 U.S. at 622–23 (enforcing a procedural default where the legal basis for the challenge was not "so novel" to be unavailable to counsel).

Additionally, Mr. Walker cannot "rely on his claim's perceived futility" to establish cause.  *Cvijetinovic v. Eberlin*, 617 F.3d 833, 839 (6th Cir. 2010).  The Supreme Court has held that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."  *Bousley*, 523 U.S. at 623 (cleaned up).  As a result, "the alignment of the circuits against a particular legal argument" does not excuse Mr. Walker's failure to raise the issue. *Cvijetinovic*, 617 F.3d at 839 (collecting cases).

Because Mr. Walker has failed to provide any other excuse for his default, he has not established cause.  Accordingly, the Court need not address whether he has

shown prejudice.  *Id.* at 840 (citing *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)).

### III.B. Actual Innocence

Mr. Walker asserts that he can overcome procedural default because he is actually innocent, since Section 922(g)(1) is unconstitutional.  (ECF No. 40, PageID #245.)  Actual innocence requires a showing of factual innocence, "not mere legal insufficiency."  *Bousley*, 523 U.S. at 621.  A petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

Mr. Walker fails to establish actual innocence to excuse his procedural default. He does not point to any new evidence making it more likely than not that no reasonable juror would have convicted him.  Mr. Walker admitted to conduct that violates Section 922(g)(1) when he pled guilty.  His plea established the elements of the offense to sustain a conviction, evidence showing that it is unlikely a reasonable juror would not vote to convict.

### CERTIFICATE OF APPEALABILITY

Without a certificate of appealability, a habeas petitioner cannot appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1).  Issuance of a certificate of appealability requires a petitioner to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This means that the petitioner must show that reasonable jurists would find the district court's determination of the relevant constitutional claims debatable or incorrect.  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  The petitioner need not show that the appeal would succeed to be

eligible for a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Based on this standard, Mr. Walker does not qualify for a certificate of appealability. Where there is a clear procedural bar, and the district court is correct to invoke it to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In these cases, judges should not issue certificates of appealability. *Id.* at 486. Because Mr. Walker's claims are untimely and he is not entitled to equitable tolling, waived by his plea agreement, and procedurally defaulted, the Mr. Walker is not entitled to a certificate of appealability. No reasonable jurist could fairly debate this conclusion.

**CONCLUSION**

For the foregoing reasons, the Court concludes that Mr. Walker's Section 2255 motion is untimely, barred by his plea agreement, and his Second Amendment claims are procedurally defaulted. Accordingly, the Court **GRANTS** the United States' motion to dismiss, **DENIES AS MOOT** Mr. Walker's Section 2255 motion, and finds that an evidentiary hearing is not warranted. Pursuant to 28 U.S.C. § 2253, the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED.**

Dated:  May 27, 2025

_____
             J. Philip Calabrese
             United States District Judge
             Northern District of Ohio